**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 4:25-cr-336** |
| **TYLER JOHN JORDAN,**<br>**Defendant.** | |

**UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE**
**DEFENDANT FROM DEFINING REASONABLE DOUBT AT TRIAL**

For the reasons set forth below, the United States moves to preclude Defendant from defining "reasonable doubt" in any manner at trial other than by reference to the applicable Fifth Circuit jury instruction.

## I.   PROCEDURAL HISTORY

On June 24, 2025, the Defendant was charged in a two-count indictment out of Southern District of Texas, Houston Division.   The Defendant was charged with Possession of a Machinegun, in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2), and Possession in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

The Pretrial Conference is set for March 19, 2026, and Jury Trial is set for March 23, 2026.

## II.   ARGUMENT

It is well settled that this Court, and not the parties, shall instruct the jury on all questions of law.  *See* Wright, Federal Practice and Procedure Criminal 2d § 485 at 710 (1982) ("It is the duty of the trial court to charge the jury on all essential questions of law."); *United States v. Patience Okoroji 1*, Case No. 15-559, 2018 U.S. Dist. LEXIS 236006, at *3–4 (N.D. Tex. June 12, 2018) (noting that it is "the province of the court to determine the applicable law and to instruct the jury as to that law.") (quoting *F.A.A. v. Landy*, 705 F.2d 624, 632 (2d Cir. 1983)).   The jury

1

instructions "must correctly convey the concept of reasonable doubt to the jury." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (citation and internal quotation omitted).

The term "reasonable doubt" is subject to misinterpretation. In fact, "most efforts at clarification result in further obfuscation of the concept." *United States v. Frabizio*, 459 F.3d 80, 97 (1st Cir. 2006). The Pattern Jury Instructions define reasonable doubt as:

> A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

Fifth Circuit Pattern Jury Instructions (Criminal), Basic Instruction No. 1.05 (2024); *cf. United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009) ("It is well-settled that a district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law.").

While district courts are not required to follow them, the Fifth Circuit's Pattern Jury Instructions "provide a useful guide" to define the "reasonable doubt" standard. *United States v. Williams*, 20 F.3d 125, 132 (5th Cir. 1994). Courts have repeatedly rejected definitions of "reasonable doubt" beyond those contained in the jury instructions. *See, e.g.*, *United States v. Walton*, 207 F.3d 694, 698–99 (4th Cir. 2000) (stating "efforts to define reasonable doubt are likely to confuse rather than clarify the concept") (citation omitted); *United States v. Desimone*, 119 F.3d 217, 226 (2d Cir. 1997) (same); *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1997) ("The law is clear in this circuit that it is improper for attorneys to attempt to define the term [reasonable doubt]"); *United States v. Patterson*, 150 F.3d 382, 389 (4th Cir. 1998) ("[A] district court may restrict counsel from arguing definitions of reasonable doubt.").

The United States anticipates that defense counsel may use a burden-of-proof chart during

their closing argument.  This chart may set forth various standards of proof with degrees of culpability, such as "probably guilty" or "guilt highly likely."  This visual representation and other similar images purporting to explain reasonable doubt misstates the law and will mislead the jury. *See* Fed. R. Evid. 403.

The decision in *Palomar v. Madden*, Case No. 15-1279, 2016 U.S. Dist. LEXIS 101325 (E.D. Ca. Aug. 1, 2016), is illustrative.  Defense counsel intended to display the following chart during closing argument:



*Id*. at *57.  The district court excluded this chart, because it "misstates the law generally."  *Id*. at *58.  The defendant in *Madden* could "[argue] that it was the prosecution's burden to prove guilt beyond a reasonable doubt."  *Id*. at *63 (citing *United States v. Doe*, 705 F.3d 1134, 1149 (9th Cir. 2013) (rejecting the defendant's Sixth Amendment argument in part because the trial court "did not forbid Doe from making a closing argument or form presenting his public authority theory; it merely prevented him from arguing incorrect statements of law, something that is well within the court's discretion")).  He could not, however, "[use] a visual aid that did not precisely reflect the

3

accepted definition of reasonable doubt." *Id.* Courts have excluded similar visual aids on the same basis, holding that these images mislead the jury and misstate the law. *See United States v. Millegan*, Case No. 19-528, 2022 U.S. Dist. LEXIS 98642, at *3 (D. Or. June 2, 2022) (granting the United States' motion to exclude the defendant's burden-of-proof chart because this image "fail[ed] to accurately reflect the legal standard for reasonable doubt and conviction in a criminal case"); *United States v. Milligan*, Case No. 20-20134, 2023 U.S. Dist. LEXIS 193558, at *19–20 (E.D. Mich. Oct. 27, 2023) (excluding the image set forth below because it "does not accurately communicate the Government's burden of proof" and "[uses] language that varies from what the jury instruction uses, [which] may well confuse or mislead the jury").

Accordingly, the United States respectfully requests that the Court preclude Defendant from presenting and utilizing any chart that defines "reasonable doubt" in any manner at trial other than by reference to the applicable Fifth Circuit jury instruction. Any such image that defense counsel intends to display during closing argument misstates the law and will confuse the jury.

For example, a common chart that various defense counsel have attempted to use in this jurisdiction includes the below.



This chart suffers from the same defect as the charts prohibited by other courts: it misstates the law and will confuse the jury. In fact, in the February 10, 2025 trial of *United States v. Olivares-Calderon, et al.*, 4:21-CR-82, this Court prohibited the use of similar charts in defense counsel's presentation because the charts misstated the law and would confuse the jury. Similarly, District Court Judge David Hittner prohibited the use of a similar chart in the April 21, 2025, trial of *United States v. Patrick Norman*, 4:24-CR-579-4, for the same reasons.

Accordingly, this Court should preclude the defendant from presenting arguments or illustrations attempting to define "reasonable doubt" in any manner except by reference to the Court's instructions. *See* Fed. R. Evid. 107(a) (allowing illustrative aids only when "the aid's utility in assisting comprehension is not substantially outweigh by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time."); *United States v. Morales-Morales*, 1993 U.S. App. LEXIS 39434, at \*6 (5th Cir. Sept. 10, 1993) (holding that the district court did not err in prohibiting defense counsel from discussing "the meaning of the term 'reasonable doubt'" during closing argument and instructing counsel to refrain "from arguing the law to the jury").

### III.   CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court preclude Defendant from providing alternative definitions or examples of reasonable doubt at trial, including utilizing any chart that defines reasonable doubt without using the language approved by this Court in the jury instruction provided in this case.

Date: March 4, 2026                              Respectfully submitted,

                                                 NICHOLAS J. GANJEI
                                                 United States Attorney

                                                 */s/ Anh-Khoa T. Tran*
                                                 Anh-Khoa T. Tran
                                                 Assistant United States Attorney
                                                 1000 Louisiana Street, Suite 2300
                                                 Houston, Texas 77002
                                                 Tel: (713) 567-9551
                                                 anh-khoa.tran@usdoj.gov

                                                 Charles Hagerman
                                                 Assistant United States Attorney
                                                 1000 Louisiana Street, Suite 2300
                                                 Houston, TX 77002
                                                 Tel: (713) 567-9514
                                                 charles.hagerman@usdoj.gov

6

**CERTIFICATE OF CONFERENCE**

I hereby certify that the United States contacted counsel for Defendant position on this motion. Defendant is opposed.

/s/ *Anh-Khoa T. Tran*
Anh-Khoa T. Tran
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9551
anh-khoa.tran@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on March 4, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

/s/ *Anh-Khoa T. Tran*
Anh-Khoa T. Tran
Assistant United States Attorney
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9551
anh-khoa.tran@usdoj.gov

7