**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Case no. 4:25-cr-00336 |
| | ) | |
| Tyler John Jordan | ) | |

**Response to Government's Motion to Preclude Defendant from Defining Reasonable Doubt**

The Government's motion to "preclude Defendant from defining 'reasonable doubt' in any manner at trial other than by reference to the applicable Fifth Circuit jury instruction" should be denied for the following reasons:

**I.    The use of visual aids to illustrate or emphasize the meaning of the burden of proof during closing argument is appropriate.**

"Federal courts have long allowed the use of illustrative aids in the presentation of a case to help the jury understand the evidence before it." *Keefe v. Britt's Bow Wow Boutique, Inc.*, 2025 WL 1483009, at *13 (11th Cir. May 23, 2025) (citing *Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1298 n.7 (11th Cir. 2023); Fed. R. Evid. 107 (Advisory Committee Notes). Illustrative aids are not only useful tools to promote the jury's understanding of the evidence, but they are important tools to convey the parties' *arguments*. As the Advisory Committee on Evidence Rules has explicitly acknowledged, "[i]llustrative aids can be critically important in helping the trier of fact understand the evidence *or argument*." Fed. R.

1

Evid. 107 (Advisory Committee Notes) (emphasis added).  Rule 107 specifically approves the use of illustrative aids "at any point in the trial, including in opening statement and closing argument." *Id.*  Long before the explicit adoption of Rule 107, Courts have "encouraged" the use of "visual aids" so that counsel can "present their case in a way that will be most clearly understood by the jury." *Campbell v. Menze Const. Co.*, 15 Mich. App. 407, 409 (1968); *see also United States v. Reyes*, 157 F.3d 949, 955 (2d Cir. 1998) ("The use of summary charts, diagrams, and other visual aids is generally permissible in the sound discretion of the trial court.")  (quoting *United States v. Crockett,* 49 F.3d 1357, 1360–61 (8th Cir.1995)); *United States v. Waddell*, 62 F. App'x 491, 495 (4th Cir. 2003) (same); *Tears v. Robinson*, 104 F.2d 813, 816 (C.C.P.A. 1939) ("The use of charts, drawings, models and the like for the purpose of *illustrating arguments* of counsel is legitimate and proper.") (emphasis added).

For a criminal defendant, the ultimate question is—and always has been— whether the Government has established guilt "by proof beyond a reasonable doubt." *In re Winship*, 397 U.S. 358, 361 (1970).  The Sixth Amendment guarantees the defendant's right—at the close of evidence—to argue to the jury that the Government has failed to carry its burden. *Herring v. New York*, 422 U.S. 853, 862 (1975).  And in the Fifth Circuit, counsel is entitled to "wide latitude" when making closing argument. *United States v. Hernandez-Guevara*, 162 F.3d 863, 874 (5th Cir.

1998).  Although the "trial court has broad discretion in controlling the scope of closing argument. That discretion is abused, however, if the court prevents defense counsel from making a point essential to the defense." *United States v. Sawyer*, 443 F.2d 712, 713 (D.C. Cir. 1971); *id.* at 714 ("[I]f a single *point of law* is the linchpin of the defense, there is every reason to permit defense counsel to state the point as emphatically as possible.") (emphasis added).  There is "no point of law" more "essential to the defense" than whether the Government has proven its case beyond a reasonable doubt. In *Winship*, the Supreme Court called the reasonable doubt standard "indispensable, for it 'impressed on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue." 397 U.S. at 364 (quotation omitted).

The usefulness of an illustrate aid is at its zenith when properly employed by a criminal defendant to convey such an "indispensable" part of the trial like the burden of proof.  To the extent the Government seeks to impose a blanket prohibition on Mr. Jordan's ability to use visual aids to illustrate or emphasize the meaning of the burden of proof and to argue that it failed to satisfy it, the request should be denied.

## II.    The Government's interpretation of the burden of proof cannot be squared with settled law.

The Government claims that contrasting proof beyond a reasonable doubt with degrees of culpability like "probability guilty" or "guilt high likely" "misstates

3

the law and will mislead the jury." ECF No. 29 at 3.  Such a claim is contradicted by longstanding precedent.

Thirty-three years ago, the Supreme Court explicitly acknowledged that proof that a defendant is "***probably guilty***" "***would not satisfy***" the Government's burden to prove a defendant's guilt "beyond a reasonable doubt. *Sullivan v. Louisiana*, 508 U.S. 275, 278 (1993) (emphasis added) ("It would not satisfy the Sixth Amendment to have a jury determine that the defendant is probably guilty, and then leave it up to the judge to determine (as *Winship* requires) whether he is guilty beyond a reasonable doubt.").

There is a rich tradition of courts—including the Supreme Court—using other standards of proof to illustrate the meaning and gravity of the government's burden in a criminal case.  Some of the standards are classic legal standards of proof; others are more common-sense or non-legal standards.

**Legal Standards:** Often courts contrast beyond a reasonable doubt with legal burdens of proof. Courts routinely contrast beyond a reasonable doubt with the preponderance of the evidence standard. *See, e.g.*, *Victor v. Nebraska*, 511 U.S. 1, 27 (1994) (noting that proof beyond a reasonable doubt requires "more than a mere preponderance of the evidence") (Ginsburg, J., concurring).  On at least one occasion, the Fifth Circuit has specifically *encouraged* district courts to "contrast the preponderance of the evidence standard and the beyond a reasonable doubt

standard." *United States v. Williams*, 20 F.3d 125, 132 n.5 (5th Cir. 1994) ("Such a contrast is a useful way to frame the issue for the jury."). The Supreme Court has also acknowledged that beyond a reasonable doubt requires a greater showing of proof than the "clear and convincing evidence" standard." *Addington v. Texas*, 441 U.S. 418, 424 (1979); *see also Santosky v. Kramer*, 455 U.S. 745, 756 (1982) (describing the clear and convincing standard as an "intermediate standard"—fixed between beyond a reasonable doubt and preponderance of the evidence). Accordingly, a visual aid depicting how beyond a reasonable doubt should be understood in the context of other legal burdens of proof would not "misstate the law" or "confuse the jury." It would *state* the law and assist the jury in understanding an often misunderstood (but gravely important) part of the criminal trial.



**Non-legal standards**: Contrasting beyond a reasonable doubt with non-legal standards is also entirely appropriate and supported by precedent. In *Sullivan*, the

Supreme Court expressly acknowledged that if a jury were only convinced that a defendant was "probably guilty," the Constitution would require a verdict of Not Guilty. *Sullivan*, 508 U.S. at 278. Other courts have specifically held that beyond a reasonable doubt requires *more* than a showing that guilt is "highly probable," *Ward v. Hall*, 592 F.3d 1144, 1177 (11th Cir. 2010), or even "that there is a *very high* probability of guilt." *Arine v. United States*, 10 F.2d 778, 780 (9th Cir. 1926) (emphasis added).

The Government's understanding of the burden of proof ignores longstanding case law from the Supreme Court, the Fifth Circuit, and various decisions from the courts of appeals. Accordingly, its motion should be denied.

### III. Mr. Jordan will not "define" the law in a manner that is inconsistent with the Court's instructions.

As the Government notes, the Court—not the parties—will instruct the jury on the law. At the outset of its motion, the Government asks the Court to preclude Mr. Jordan from "defining 'reasonable doubt' in any manner at trial other than by reference to the applicable Fifth Circuit jury instruction." ECF No. 29 at 1. Later, it acknowledges that the court is not bound by the pattern instructions. *Id.* at 2; *see, e.g.*, *United States v. Peterson*, 977 F.3d 381, 391 (5th Cir. 2020) ("[P]attern jury instructions do not themselves have the force of law except to the extent that they recite what is controlling law. Our pattern instructions do not 'presume to be a legal treatise' but rather the Committees 'attempt[ ] to make accurate statements of law,'

6

and they even note that certain instructions cover topics where our law is unsettled or in tension.") (quoting Fifth Circuit Pattern Jury Instructions (2019), at 0).  The Pattern Jury Instructions themselves recognize tension within the Fifth Circuit regarding the best way to define the burden of proof. *See* Pattern Jury Instructions (2024), 1.05 (citing *Williams*, 20 F.3d at 129 n.2,132 n.5).

Mr. Jordan will follow the Court's instructions—once the Court determines what they are, which is typically done after the charge conference.

To the extent the Court decides to use the pattern instruction, Mr. Jordan will not re-define the burden of proof to the jury.  But Mr. Jordan should be allowed to argue, illustrate, and convey the meaning of the burden in a manner that is consistent with both the Court's instruction and precedential authorities.  As the Fifth Circuit has acknowledged, parties often request instructions using non-pattern language that are "subsumed" or "substantially covered" by the pattern language. *Peterson*, 977 F.3d at 391 n.2.   In that event, the Court is not obligated to instruct the jury using the party's requested language precisely because it is already covered by the pattern instruction.  But the party should be free to argue the "otherwise correct statement of law" that is covered or subsumed by the pattern. *Id.*  Accordingly, Mr. Jordan should be allowed to argue, illustrate, and convey the meaning of the burden in a manner that is consistent with both the Court's instruction and applicable caselaw defining the burden of proof.

## IV.    The Government's motion is premature.

To the extent the Government believes that Mr. Jordan advances an argument to the jury that is inconsistent with the Court's instructions and the law, it is entitled to object.  But first the Court must decide how it will instruct the jury.  Because the Court has yet to decide how it will instruct the jury on the definition of the burden of proof, this Court should deny the Government's motion as premature and take up the issue of the propriety of closing arguments once the instructions are decided.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By /s/ Ryan Rones
RYAN RONES
Assistant Federal Public Defender
North Carolina State Bar ID No. 53592
Southern District of Texas No. 3900503
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas   77002
Telephone:   713.718.4600

## **CERTIFICATE OF SERVICE**

I certify that on March 6, 2026, a copy of the foregoing was served by Notification of Electronic Filing and was delivered by email to the office of Assistant United States Attorney Anh-Khoa Tran.

<u>By /s/ Ryan Rones</u>
RYAN RONES