**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| **v.** | ) | **Case no. 4:25-cr-00336** |
| | ) | |
| **Tyler John Jordan** | ) | |

## Proposed Jury Instructions

Enclosed are Mr. Jordan's proposed final jury instructions.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By /s/ Ryan Rones
RYAN RONES
Assistant Federal Public Defender
North Carolina State Bar ID No. 53592
Southern District of Texas No. 3900503
440 Louisiana, Suite 1350
Houston, Texas   77002
Telephone:     713.718.4600

## CERTIFICATE OF SERVICE

I certify that on March 9, 2026, a copy of the foregoing was served by Notification of Electronic Filing and was delivered by email to the office of Assistant United States Attorney Anh-Khoa Tran.

By /s/ Ryan Rones
RYAN RONES

1

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.03 (2024).

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.04 (2024).

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.[1]

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude all[2] "reasonable doubt" concerning the defendant's guilt. In other words, proof beyond a reasonable doubt is proof that leaves no other reasonable conclusion possible.[3]

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a

---

[1] This language stems from the Federal Judicial Center's Pattern Criminal Jury Instructions from 1987. It has been endorsed by the Fifth Circuit, *United States v. Williams*, 20 F.3d 125, 129 (5th Cir. 1994), Supreme Court Justices, *Victor v. Nebraska*, 511 U.S. 1, 27, 114 (1994) (Ginsburg, J., concurring in judgment), and various courts across the country, *see, e.g., United States v. Sullivan*, 85 F.3d 743, 748 (1st Cir. 1996); *United States v. Taylor*, 997 F.2d 1551, 1556 (D.C. Cir. 1993); *United States v. Pungitore*, 910 F.2d 1084, 1145 (3d Cir. 1990).

[2] The pattern uses the modifier "any," which suggests that the Government's burden is satisfied if its' proof excludes at least one of a juror's reasonable doubts. But of course, "proof beyond a reasonable doubt" really means proof "beyond *all* reasonable doubt," *Victor v. Nebraska*, 511 U.S. 1, 28 (1994) (Blackmun, J., concurring in part, dissenting in part) (emphasis added); *see also United States v. Carrodeguas*, 747 F.2d 1390, 1394 (11th Cir. 1984) (describing the "government's burden" as requiring proof "beyond all reasonable doubt.").

[3] *Victor v. Nebraska*, 511 U.S. 1, 12 (1994) (quotation omitted).

reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.


Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.05 (2024), *modified*.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.06 (2024).

**EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.08, Alternative B (2024).

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses including the defendant who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.09 (2024).

## CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.10 (2024).

## EXPERT OPINION TESTIMONY

During the trial you heard the testimony of Darek Pleasants who expressed opinions concerning firearms identification and investigations. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.18 (2024), *supplemented with case-specific details*.

**CAUTION—CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.21 (2024).

**SINGLE DEFENDANT—MULTIPLE COUNTS**


A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.


Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.23 (2024).

**DUTY TO DELIBERATE**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.26 (2024).

## CONFESSION

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his [her] treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.26 (2024).

# POSSESSION

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

Mere touching or physical contact alone is insufficient by itself to establish possession.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.33 (2024).

# "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.41 (2024).

## POSSESSION OF A MACHINEGUN
### 18 U.S.C. §§ 922(o)(1), 924(a)(2)

Title 18, United States Code, Section 922(o)(1), makes it a crime for a person to knowingly transfer or possess a "machinegun."

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant possessed a machinegun; and

Second: That the defendant knew it was a machinegun or was aware of the firearm's essential characteristics that made it a machinegun as defined.

A "machinegun" is any weapon that shoots, is designed to shoot, or can be readily restored  to shoot multiple shots automatically, without manual reloading, by a single function of the trigger.

## POSSESSION OF AN UNREGISTERED MACHINEGUN
## 26 U.S.C. §§ 5861(d), 5845(b)

Title 26, United States Code, Section 5861(d) and 5845(b), makes it a crime for a person to knowingly receive or possess a "machinegun" that has not been registered to him in the National Firearms Registration and Transfer Record.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant possessed a machinegun;

Second: That the defendant knew it was a machinegun or was aware of the firearm's essential characteristics that made it a machinegun as defined; and

Third: That the machinegun was not registered to him in the National Firearms Registration and Transfer Record.

A "machinegun" is any weapon that shoots, is designed to shoot, or can be readily restored  to shoot multiple shots automatically, without manual reloading, by a single function of the trigger.