**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTO DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                        **Cr. No. 4:25-cr-336**

**TYLER JOHN JORDAN**

**MOTION TO AVOID DOUBLE JEOPARDY VIOLATION**

Defendant Tyler Jordan moves to dismiss count one of the indictment based on multiplicity, if he is convicted of both counts one and two at trial, to avoid a double jeopardy violation.

**I.      SUMMARY**

Mr. Jordan's indictment is multiplicitous, which violates the Double Jeopardy Clause of the United States Constitution. It alleges violations of both 18 U.S.C § 922(o) (count 1) and 26 U.S.C. § 5861(d) (count 2) on the basis of a single criminal act. Under *Blockburger v. United States*, 284 U.S. 299, 304 (1932), a defendant may only be convicted of violating multiple statutes on the basis of a single criminal act, if each statute requires proof of a fact which the other does not. *Id.*

26 U.S.C. § 5861(d) makes it unlawful to knowingly: (1) possess, (2) a machinegun, (3) that is not registered in the National Firearms Registration and Transfer Record. 18 U.S.C § 922(o) makes it unlawful to knowingly (1) possess (2) a machinegun. Under the *Blockburger* test, a conviction of both statutes on the basis

of a single criminal act violations the Double Jeopardy Clause. If he is convicted of both counts at trial, one of the counts must be dismissed.

## II.   FACTUAL BACKGROUND

At trial, Mr. Jordan expects the government to contend that, on March 16, 2025, Mr. Jordan possessed a Glock handgun which was equipped with a "switch" that converted the handgun into a machinegun. A picture of Mr. Jordan holding the suspected handgun (with an alleged switch) was found on his phone. Surveillance video from a McDonalds restaurant on March 16, 2025, shows Mr. Jordan involved in a physical altercation that turned into a shooting. During the shooting, Mr. Jordan's associate, Antoine Ridge, appears to possess and shoot that same handgun. Based on the rate of fire and number of bullet casings found at the McDonalds, the handgun is alleged to have been converted into a machinegun. The handgun was not recovered. Mr. Jordan is not a convicted felon.

Mr. Jordan was indicted in the Southern District of Texas with two counts for (1) possession of a machine gun in violation of 18 U.S.C § 922(o) and (2) possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d).

## III.   LAW

"[A] defendant must raise multiplicity of the indictment as a defense before trial. *United States v. Soape*, 169 F.3d 257, 265 (5th Cir. 1999), *United States v. Ogba*, 526 F.3d 214, 232 (5th Cir. 2008), s*ee also* Fed. R. Crim. P. 12(b)(3)(B)(ii).

The government is generally allowed to indict multiplicitous offenses. Ball v. United States, 470 U.S. 856, 865 (1985). However, this often gives prosecutors "undue leverage in plea negotiation, frustrating evenhandedness in sentencing and raising the price of trial for accused persons." United States v. Ogba, 526 F.3d 214, 237 (5th Cir. 2008).

The Fifth Amendment to the U.S. Constitution establishes that no person shall "be twice put in jeopardy of life or limb" for the "same offence." U.S. CONST. amend. V. A multiplicitous indictment is one charging the same offense in more than one count and which therefore violates a defendant's right not to be put in jeopardy more than once. *United States v. Hearod*, 499 F.2d. 1003, 1005 (5th Cir. 1974).

For double jeopardy purposes, when determining whether a defendant may be charged with violating multiple statutes on the  basis of a single criminal act, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304.

3

In *United States v. Mann*, 701 F.3d 274 (8th Cir. 2012), the defendant was charged with both 26 U.S.C. § 5861(d) and 18 U.S.C § 922(o) for the same criminal act. The defendant argued that this was a multiplicitous indictment, because § 922(o) does not require proof of a fact which 26 U.S.C. § 5861(d) does not.

26 U.S.C. § 5861(d) makes it unlawful to knowingly:

(1) possess,
(2) a machinegun,
(3) that is not registered in the National Firearms Registration and Transfer Record.

§ 922(o) makes it unlawful to knowingly:

(1) possess
(2) a machinegun.

In *Mann*, the Eighth Circuit held that charging these two offenses for the same criminal act does not pass the *Blockburger* test. *Mann,* 701 F.3d at 286 ("One statute punishes the ownership of any machinegun; the other punishes ownership of an unregistered machinegun."). § 922(o) does not require proof of an element not included in § 5861(d) and therefore, § 922(o) is a lesser included offense of 26 U.S.C. § 5861(d).

The proper remedy when a defendant is convicted of two offenses that violate double jeopardy is that the Court should dismiss the lesser included offense. United States v. Brown, 151 F.4th 647, 665 (5th Cir. 2025).

4

## IV.   ARGUMENT

Count one and count two of the indictment against Mr. Jordan are multiplicitous. § 922(o) does not require proof of a fact which 26 U.S.C. § 5861(d) does not. As outlined by the Eight Circuit in *Mann*, the Court should find § 922(o) is a lesser included offense of 26 U.S.C. § 5861(d) and a defendant cannot be convicted of both based on one criminal act.  In several other circuits, the United States has conceded this issue. *United States v. Adamiak*, 2025 WL 2911117, at *2 (4th Cir. Oct. 14, 2025) ("Adamiak contends, and the Government concedes, that his convictions and consecutive sentences on Counts One and Two of the indictment, for possessing or receiving an unregistered firearm in violation of 18 U.S.C. § 5861(d) and possessing or transferring a machinegun in violation of 18 U.S.C. § 922(o), violate the Double Jeopardy Clause."); *United States v. Kuzma*, 967 F.3d 959, 977 (9th Cir. 2020) ("Here, the Government concedes that § 922(*o*) does not require proof of any element that is not also required under § 5861(d).").

This ruling should be made clear to the jury prior to trial. Based on well-settled case law, the Court should dismiss count one, the lesser included offense, if Mr. Jordan is convicted of both counts at trial.

## V.   REQESTED RELIEF

For the reasons stated above, Mr. Jordan requests that the Court find that:

1.  Count one is a lesser included offense of count two, and,

2.  Mr. Jordan cannot be convicted of both counts one and two.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By /s/ Amr A. Ahmed
AMR A. AHMED
Assistant Federal Public Defender
Southern District of Texas No. 3088803
State Bar of Texas No. 24146376
440 Louisiana, Suite 1350
Houston, TX 77002-1056
Telephone:  713.718.4600
Fax:         713.718.4610

## CERTIFICATE OF SERVICE

I certify that on March 9, 2026, a copy of the foregoing was served by Notification of Electronic Filing to all parties.

By /s/ Amr A. Ahmed
AMR A. AHMED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                            **Cr. No. 4:25-cr-336**

**TYLER JOHN JORDAN**

**O R D E R**

The Court has considered Mr. Jordan's Motion to Avoid Double Jeopardy Violation. The court GRANTS the motion for the reasons outlined in the defendant's motion.

The Court finds that:

1. Count one (possession of a machine gun in violation of 18 U.S.C § 922(o)) is a lesser included offense of count two (possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d)).

2. Mr. Jordan cannot be convicted of both counts one and two.

SIGNED at Houston, Texas on this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE

7