**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                    **Cr. No. 4:25-cr-336**

**TYLER JOHN JORDAN**

**<u>UNOPPOSED MOTION IN LIMINE: MURDER INVESTIGATION</u>**

The defendant, Tyler Jordan, through his attorney, the Federal Public Defender, files this unopposed motion in limine to prohibit the government from presenting any evidence of the murder investigation.

Tyler Jordan is charged with knowingly possessing a machine gun on March 16, 2025. Specifically, he is accused of possessing a Glock handgun modified with an internal mechanism enabling the Glock to operate as a machine gun. To obtain a conviction, the Government must prove that Mr. Jordan *knew* that the Glock was modified to operate as a machine gun.

In support of its theory, the government's evidence is expected to show that on March 16, 2025, around noon, Mr. Jordan possessed a distinct Glock while sitting in the driver seat of his vehicle. A short video found on Mr. Jordan's phone will depict this moment of possession. The video will also depict Antoine Ridge, Mr. Jordan's associate and the owner of the Glock, seated in the passenger seat.

1

The government's evidence is also expected to show that the Glock in the video was modified by an internal mechanism, allowing it to shoot automatically and effectively operate as a machine gun.  To make this showing, the Government is expected to rely on evidence of a shooting that occurred at a McDonald's about five hours after the video in Mr. Jordan's vehicle was taken.

Mr. Jordan, Mr. Ridge, and another associate, entered a McDonald's. Inside the McDonalds, the three men got into a physical altercation with three other individuals. The fistfight quickly turned into a gunfight between Mr. Ridge and Paul Whitley. Mr. Ridge fired his firearm, shooting and killing a 61-year-old male bystander. Mr. Whitley shot Mr. Jordan, the defendant. Mr. Whitely is currently charged with aggravated assault of Mr. Jordan.[1] An extensive murder investigation was conducted by law enforcement officers after this shooting.

The government has agreed to avoid soliciting any additional testimony or evidence that would introduce or invite discussion of the murder or the murder investigation. The parties are generally agreed that this trial will focus on the alleged possession of a machinegun by Mr. Tyler and the Government is unopposed to this motion.

Evidence that generally discusses the shooting by Mr. Ridge and the follow

---

[1] 179th District Court of Harris County Cause No. 1909041.

up investigation that led to the arrest of Mr. Jordan will not be objected to by the defense. For example, the government is expected to present video surveillance from the McDonald's depicting Mr. Ridge firing the Glock to establish, based on the rapid rate of fire, that the Glock operated as a machine gun. The video angle that shows Mr. Ridge fire the Glock does not show if or whether anyone was struck by the bullets from the Glock that Mr. Ridge fired. This video will not be objected to by the defense.

However, evidence such as McDonald's surveillance video of the 61-year-old-victim being shot, would be objected by the defense, and the government is not expected to introduce such evidence.

Pursuant to Federal Rules of Evidence 402 (relevance) and 403 (unfair prejudice and confusion), Mr. Jordan requests the court prohibit the admission of the following evidence or references:

1. Any testimony that suggests that law enforcement was conducting a murder investigation.

2. Any video or pictures that show the shooting of the 61-year-old victim.

3. Any unredacted video or audio recordings, including body worn camera video or audio recorded witness statements, that reference or indicate that a homicide or a homicide investigation occurred.

**4.** Any use of the terms "murder" or "homicide," and related terms, by witnesses and attorneys.

For these reasons, Mr. Jordan respectfully requests this Court to prohibit the government from presenting any evidence related to a murder investigation, as described above, during his trial.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By /s/ Amr A. Ahmed
AMR A. AHMED
Assistant Federal Public Defender
Southern District of Texas No. 3088803
State Bar of Texas No. 24146376
440 Louisiana, Suite 1350
Houston, TX 77002-1056
Telephone:  713.718.4600
Fax:   713.718.4610

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Assistant United States Attorney Anh-Khoa Tran and Charles Hagerman and determined that the United States is unopposed to this motion in liminie.

By /s/ Amr A. Ahmed
AMR A. AHMED

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 13, 2026, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to the office of Assistant United States Attorney, Anh-Khoa Tran.

By <u>/s/ Amr A. Ahmed</u>
AMR A. AHMED