**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| **v.** | ) | **Case no. 4:25-cr-00336** |
| | ) | |
| **Tyler John Jordan** | ) | |

**Response to Government's Motion *in Limine* to Exclude**
**Testimony of Darek Pleasants**

Mr. Pleasants will offer expert testimony on a central issue in the trial: whether the firearm Mr. Jordan is accused of possessing gave an "externally visible indication that it is fully automatic." *Staples v. United States*, 511 U.S. 600, 615 (1994). Whether the gun depicted on Mr. Jordan's phone possessed visible indicators revealing that it was fully automatic is relevant to whether Mr. Jordan knew or could have known that the firearm was fully automatic at the time he possessed it.

Machineguns and machinegun conversion devices are prohibited under federal law, and thus, they are—virtually by definition—not susceptible to a lay person's identification. *See United States v. Ebron*, 683 F.3d 105, 136–37 (5th Cir. 2012) ("The distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning *familiar in everyday life*, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field.") (emphasis added); *see, e.g.*, *United States v. Thomas*, 12

1

F.3d 1350, 1361 (5th Cir. 1994) (government relied on "two expert witnesses" to establish "that the weapon had been altered to fire as a machine gun.").

Accordingly, Mr. Pleasants' anticipated testimony that the firearm depicted on the video "g[a]ve no externally visible indication that it [was] fully automatic" is relevant to—at a minimum—the question of Mr. Jordan possessed the *mens rea* necessary to be found guilty. *Staples*, 511 U.S. at 615.

I. **Mr. Pleasants' testimony that the firearm on Mr. Jordan's phone did not have external signs indicating that it was a machinegun is probative of whether Mr. Jordan knew the firearm was a machinegun.**

Mr. Pleasants is a firearms expert with two decades experience working at the federal government's premier firearms law enforcement agency—the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). ECF No. 30 at 1-3. He spent a decade as a special agent with the Bureau, eight years as a supervisor and branch manager, and two years as the Deputy Assistant Director of the Bureau, stationed in Washington, D.C. *Id.* Prior to his work with ATF, spent twelve years serving in the Army and Marine Corps. *Id.* He's been qualified as an expert witness in firearms in state and federal courts across the country. ECF No. 23-2.

Mr. Pleasants will testify that the smiley face icon on the back of the handgun depicted on the video on Mr. Jordan's phone "contains no observable characteristics that suggest it is a machinegun conversion device." ECF No. 23 at 5. He will testify that the icon is "visually consistent with an aftermarket "backplate."" *Id.* The fact

that the firearm did not have external signs indicating that it was a machinegun is probative of whether Mr. Jordan knew the firearm was a machinegun.  *See Staples*, 511 U.S. at 615; *United States v. Nieves-Castano*, 480 F.3d 597, 600 (1st Cir. 2007) ("The government's proof concentrated on expert testimony to the effect that this particular weapon had been modified in order to make it capable of fully automatic fire. This evidence established that the weapon was an automatic weapon, but it did not establish the defendant's *mens rea*."); *id.* at 599 ("The Government must prove beyond a reasonable doubt that the defendant knew the weapon 'had the characteristics that brought it within the statutory definition of a machinegun.'") (quoting *Staples*, 511 U.S. at 602).

Mr. Pleasants will explain that a machinegun conversion device operates by an internal mechanism to disrupt a semi-automatic firearm's rate of fire.  The mechanism is a called a "sear trip." ECF No. 23 at 5-6.  Mr. Pleasants will testify that determining whether a firearm has been modified with a "sear trip" cannot be determined by mere visual inspection of the exterior of the firearm. ECF No. 23 at 6; *see Staples*, 51 U.S. at 615 ("The Government does not dispute the contention that virtually any semiautomatic weapon may be converted, either by *internal modification* or, in some cases, simply by wear and tear, into a machinegun within the meaning of the Act.") (emphasis added).  Because the mechanism is internal to the firearm, identifying it requires an internal inspection of the firearm.

Mr. Pleasants' testimony is relevant because the Government must prove that Mr. Jordan knew the firearm was modified by a machinegun conversion device at the time the video was made. Mr. Pleasants' testimony that nothing about the external characteristics of the firearm indicated that it was modified by a machinegun conversion device tends to undermine the strength of the evidence that Mr. Jordan knew the firearm was capable of fully automatic fire.

## II. Mr. Pleasants will not offer testimony about whether Mr. Jordan knew the firearm was a machinegun.

The Government points out that an expert may not offer an opinion as to whether a criminal "defendant did or did not have a mental state or condition that constitutes an element of the crime charged or a defense." Rule 704(b). Mr. Jordan agrees. Mr. Pleasants' notice contains no suggestion that he will give an opinion about Mr. Jordan's mental state or condition. This Court need not worry about Mr. Pleasants running afoul of Rule 704(b). Of course, Mr. Jordan expects the Government's witnesses will ensure their testimony adheres to Rule 704(b) as well.

## III. Mr. Pleasants will not testify that the firearm was "not modified with a switch."

The Government argues that Mr. Pleasants' anticipated testimony that the firearm depicted on Mr. Jordan's phone "is not modified with a switch" would be inadmissible. ECF No. 30 at 7, 8. The Government's argument is that its' evidence is so overwhelming that Mr. Jordan should not be authorized to introduce expert

testimony tending to undermine the Government's conclusion. *See id.* at 9 ("[B]ecause the evidence establishes that the firearm had a switch, Pleasant's [sic] testimony is not relevant under Rule 401 because it does not have 'any tendency to make a fact more or less probable.'"). The Government's position is incorrect.

First, the argument that the Government's evidence is so strong that the defendant should be precluded from introducing evidence tending to rebut it is unprecedented and unconstitutional. *Cf. Holmes v. South Carolina*, 547 U.S. 319, 321 (2006) (striking down rule of evidence precluding defendant from introducing "proof of third-party guilt if the prosecution has introduced forensic evidence that, if believed, strongly supports a guilty verdict.").

Second, the Government attacks a straw man: Mr. Pleasants will not testify that the firearm in the video was not modified with a machinegun conversion device. As outlined in his notice of expert testimony, ECF No. 23, and as described *supra*, Mr. Pleasants is expected to testify that the firearm depicted on the video found on Mr. Jordan's phone does not have visually observable characteristics that suggest it was modified by a machinegun conversion device.

## IV.     Mr. Jordan is not obligated to rely on the Government's preferred expert witness.

The Government's final position is that Mr. Jordan should not be allowed to introduce expert testimony on machinegun conversion devices because such evidence will already be offered by its own expert. The Government's argument that

Mr. Pleasants' testimony will be "cumulative" of its' expert's testimony is mistaken for several reasons.

First, the Government itself anticipates that Mr. Pleasants' testimony will *not* be cumulative of its' expert's testimony, hence the Government's thirteen-page motion to exclude Mr. Pleasants' testimony.

Second, Mr. Jordan has little idea what the Government's expert's testimony will be, aside from the two-sentence summary the Government drafted in its notice of expert testimony. *See* ECF No. 28 at 2. To date, the Government has yet to provide Mr. Jordan with an expert notice disclosure that complies with Rule 16, which requires an expert disclosure to include not only the expert's anticipated opinion, but "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii).

## V.    Conclusion

For these reasons, this Court should deny the Government's motion to exclude Mr. Jordan from calling Darek Pleasants to testify in his defense.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By /s/ Ryan Rones
RYAN RONES
Assistant Federal Public Defender

6

North Carolina State Bar ID No. 53592
Southern District of Texas No. 3900503
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas   77002
Telephone:   713.718.4600

## CERTIFICATE OF SERVICE

I certify that on March 16, 2026, a copy of the foregoing was served by Notification of Electronic Filing and was delivered by email to the office of Assistant United States Attorney Anh-Khoa Tran.

By /s/ Ryan Rones
RYAN RONES