**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 4:25-cr-00336** |
| **TYLER JOHN JORDAN,** | |
| **Defendant.** | |

**UNITED STATES' RESPONSE TO DEFEDNANT'S MOTION *IN LIMINE* TO EXCLUDE PHOTOGRAPHS OF DEFENDANT HOLDING FIREARMS (DKT. 39)**

Evidence of the Defendant's knowledge of firearms—through photos of his possession of firearms, his phone searches related to firearms, and his chats about firearms—are all relevant and admissible under Rule 402 and 404(b)(2).

To prove its case at trial, the Government must show that the defendant had knowledge that what he possessed was a machinegun. Courts have held that familiarity with unmodified, semi-automatic firearms is relevant and probative to a defendant's knowledge of the modified, automatic firearms. Put simply, evidence of him previously possessing multiple semi-automatic firearms is probative as to whether he has knowledge that what he possessed during the charged incident was different, namely a modified machinegun.

The fact that the Defendant's phone is *replete* with dozens of photos of him holding guns and guns generally, chats about selling guns, several dozens of searches related to guns, and searches related to "switches" (i.e., a machinegun conversion device) all go to whether he is generally familiar with firearms such that he had knowledge that what he possessed was a machinegun, and that his possession of a machinegun was not an accident or mistake.

1

## I.    PROCEDURAL HISTORY

On June 24, 2025, the Defendant was charged in a two-count indictment out of Southern District of Texas, Houston Division.   The Defendant was charged with Possession of a Machinegun, in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2), and Possession in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

The Pretrial Conference is set for March 19, 2026, and Jury Trial is set for March 23, 2026.

## II.    FACTUAL BACKGROUND

### A.    Charged Acts—Possession of a Machinegun

The Government's charges arise from two incidents when the Defendant possessed a machinegun, both centered around a shooting that occurred on March 16, 2025 at a McDonald's Restaurant, located at 6110 North Fry Road, Katy, Texas.   The Defendant first possessed the machinegun approximately five hours before shooting.   The Defendant again possessed the machinegun the following day, when he told the shooter that he has the machinegun used in the shooting.

On March 16, 2025, at approximately 5:30pm, two groups engaged in a shootout at the McDonald's located at 6110 North Fry Road.  The first group included the Defendant Tyler Jordan and two other individuals, Antoine Ridge and Tobias Johnson.  McDonald's surveillance shows the Defendant and Johnson enter the McDonald's to begin fighting the other group, and Ridge enters shortly after.  Ridge raises a firearm and fires a fully automatic machinegun into the lobby, striking and killing an innocent bystander.  A member of the other group fires another firearm back and strikes the Defendant with a bullet.   The Defendant is taken to a hospital where he is interviewed by law enforcement.

During this interview, the Defendant consents for law enforcement to search his phone.  In

his phone, law enforcement finds a video with the Defendant holding the machinegun that was used during the shooting.  In particular, the firearm in the video has characteristics that were identical to the ones seen on the gun used in the shooting:  an extended magazine, a rail attachment in the front, and a machinegun conversion device on the back.  In the video, the Defendant is seen "zooming into" the back of the firearm where the machinegun conversion device—i.e., a "switch"—is installed.  The Defendant later confessed to detectives on two separate occasions that it was the same firearm used in the shooting and that he knew the firearm had a switch.  This video was recorded at 12:20pm on March 16, 2025, approximately five hours before the shooting.



The Defendant then possessed the firearm a second time *the day after* the shooting.  In particular, the shooter Antoine Ridge was arrested on March 20, 2025 at a residence in Katy, Texas.  Upon his arrest, officers interviewed the homeowners who Ridge was staying with.  The homeowners said they had known Ridge and the Defendant for many years.

The homeowner said that Ridge was staying at his house on March 17, 2025, the day after the shooting.  On this day, the homeowner heard Ridge on the phone with another individual and

the homeowner recognized the other person's voice as the Defendant.  The homeowner heard the Defendant tell Ridge something like, "I got the blicky.  Yeah, I got it.  Don't worry about this."  Based on training and experience, law enforcement knows that "blicky" is slang for a firearm.  Based on the fact that the call was between the Defendant and Ridge, that it occurred only a day after the shooting, and that it referred to a firearm, officers believed that the Defendant was telling Ridge to not worry because the Defendant has possession of the machinegun used at the McDonald's shooting the day prior.

**B.      *Machinegun Conversion Devices Modify Semi-Automatic Pistols into Automatic Machineguns***

A Glock pistol, as manufactured, is a semi-automatic firearm.  That is, each trigger pull will fire only one bullet.  A machinegun conversion device, or "switch," is an illegal device that attaches to the back of a Glock pistol, allowing the firearm to fire automatically.  That is, a Glock equipped with a switch can shoot automatically more than one bullet, without manual reloading, by a single function of the trigger.

Glock switches are installed at the rear of a firearm, and often visibly protrude from the end.  For reference, the following are screenshots from the video recovered from the Defendant's phone, showing the modification to the firearm that converted it to a fully automatic weapon.

 

During trial, the Government will introduce testimony and evidence to establish that because of the machinegun conversion device installed on this firearm, it was able to fire automatically more than one bullet, without manual reloading, by a single function of the trigger. That is, this firearm is a machinegun.

### C.      *Evidence of Defendant's Knowledge of Machineguns On His Phones*

During the course of their investigation, officers recovered two cellphones from the Defendant.  The Defendant's first cellphone was an iPhone 15, with IMEI 353817901662171 ("Phone 1").  The Defendant's second cellphone was an iPhone 13 with IMEI 350776590785698 ("Phone 2").

On Phone 1, officers found the above mentioned video of him holding the firearm used in the shooting.  Officers also found:

(1) Two message from the Defendant's Instagram account (Gravedigger) where he appears to be selling Glock firearms.



(2) Four photos of him and his associates holding firearms:



 

(3) A video of the defendant and other associates driving around an apartment complex,

    brandishing firearms.



(Screenshot from video at 0:03)

On Phone 2, officers found:

(1) A photo of the defendant holding a firearm.

7



(2) Multiple photos of other firearms, including one with the defendant's bankcards next to the

firearm.  Notably, one of these firearms is an unmodified Glock model pistol.

 








(3) Four Google searches relating to the term "Switch" and "gun" in close proximity:

    a.  stolen guns with a switch in houston this year been caught

    b.  guns with switch in houston news

    c.  guns with switch in houston

    d.  gin with switch in hkustin

(4) Two visits to news articles relating to the prosecution of machinegun cases, which connect the concept of a machinegun to "switch":

    a.  A Fox 4 News article, "'Operation Texas Kill Switch': Statewide effort to stop

spread of machine gun conversion devices,"[1] and

b.  A press release from the US Attorney's Office, Northern District of Texas titled "Texas Man Who Allegedly Imported Switches Charged With Gun Crime."[2]

(5) 74 searches and website visits that hit on the term "glock."



### III.    LEGAL STANDARD

*A.        404(b) Evidence Is Admissible To Show Knowledge and Lack of Mistake or Accident.*

Federal Rule of Evidence 404(b)(1) prohibits the use of other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  However, Rule 404(b)(2) permits evidence of other acts for other purposes, including "knowledge," "absence of mistake," "lack of accident."

When determining whether Rule 404(b) evidence is admissible, courts in this Circuit apply a two-factor test:

> *First*, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character.  *Second*, the evidence must possess probative value that is not substantially outweighed by its undue prejudice[.]

*United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (emphases added).

---

[1]    https://www.fox4news.com/news/operation-texas-kill-switch-glock-switch
[2]    https://www.justice.gov/usao-ndtx/pr/texas-man-who-allegedly-imported-switches-charged-gun-crime

The first *Beechum* prong for relevancy is the same analysis as Federal Rule of Evidence 401. That is, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The second *Beechum* prong balances the probative value of the extrinsic evidence against its unfair prejudice, which is an application of Federal Rule of Evidence 403. *Beechum*, 582 F.2d at 913. The Fifth Circuit has "consider[ed] several factors in determining whether the prejudicial effect of the extrinsic evidence substantially outweighs its probative value: (1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separate the two offenses, and (4) the court's limiting instructions." *United States v. Kinchen*, 729 F.3d 466, 473 (5th Cir. 2013). The inquiry "calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense." *Beechum*, 582 F.2d at 914.

When determining admissibility of Rule 404(b) evidence, courts are clear that Rule 404(b) is a "**rule of inclusion** . . . which admits evidence of other acts relevant to a trial issue except where such evidence tends to prove only criminal disposition." *United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983) (internal citation omitted) (emphasis added), *abrogated on other grounds by United States v. Burden*, 964 F.3d 339 (5th Cir. 2020); *see also, e.g.*, *United States v. Edwards*, 901 F. Supp. 2d 12, 16 (D.D.C. 2012) ("Rule 404(b) is quite permissive and considered a rule of inclusion rather than exclusion.") (internal quotation and citation omitted). The Committee Notes to Rule 404(b) specifically state, "the trial judge may exclude [404(b) evidence] *only* on the basis of those considerations set forth in Rule 403, i.e. prejudice, confusion or waste of time." Fed. R. Evid. 404, Notes of Committee on the Judiciary, Senate Report No. 93-1277 (emphasis added).

11

### B.   Knowledge Is an Element of Machinegun Charges

For machinegun related charges, the Government must prove beyond a reasonable doubt that the Defendant "knew [the firearm] was a machinegun or was aware of the firearm's essential characteristics that made it a machinegun." *See, e.g.*, Fifth Circuit Pattern Jury Instructions, § 2.43I; *see also Staples v. United States*, 511 U.S. 600, 619 (1994) (holding the Government must prove that the Defendant knew the automatic weapon was a "firearm" within the meaning of the National Firearms Act); *United States v. Anderson*, 885 F.2d 1248, 1250 (5th Cir. 1989) (same).

That is, to convict the two machinegun charges, the Government must show both: (1) that the firearm he possessed operated as a machinegun, and (2) that the Defendant **knew** that the firearm was a machinegun.

## IV.   ARGUMENT

### A.   Evidence on the Defendant's Phones Relating to Firearms is Relevant to His "Knowledge" of Machineguns, and Lack of "Mistake" and "Accident"

To meet its burden at trial, the Government will argue that the defendant is intimately familiar with firearms and machinegun conversion devices. To do so, the Government will introduce the numerous photos of firearms on the Defendant's phones, including photos of him holding firearms and photos of an unmodified Glock. The Government will also introduce his chats discussing his sale of firearms and internet searches and browser history related to switches and Glocks. It is through the totality of this evidence that the Government can argue that the defendant is intimately familiar with firearms, and therefore had "knowledge" of a modified machinegun, and did not accidentally or mistakenly possess a machinegun when he thought it was a legal semi-automatic pistol. This intimate knowledge of firearms, including unmodified firearms and switches, also proves that his confession that he knew the gun had a "switch" was not made

by accident or mistake.  Furthermore, the tight nexus between "switch" and machinegun in the browser history further disproves any ambiguity in the use of the slang "switch."  As detailed below, evidence of knowledge[3] and lack of mistake or accident is permissible under 404(b)(2).

Most importantly, the evidence is not being offered to speak to the Defendant's character. *Beechum*, 582 F.2d at 911.  In fact, the Government has agreed to not bring up the Defendant's criminal history unless he testifies (at which point, it would be impeachment and be relevant to his motive).  Therefore, the Government will not assert that any prior possession of firearms is illegal or unlawful.

As an initial matter, the extrinsic evidence is relevant because his familiarity with firearms generally, especially of ***unmodified*** Glock pistols, is relevant to his knowledge that what he possessed on March 16, 2025 was a ***modified*** Glock pistol.  Put another way, evidence that he has frequently held guns and has been around guns (whether they are semi-automatics or fully-automatic machineguns) has the tendency to make it more probable that the Defendant had "knowledge" of how the firearm he possessed operated.  *See* Fed. R. Evid. 401, 404(b).

Relatedly, the evidence also has the tendency to make it more probable that when he "zoomed" into the back of the Glock to emphasize the machinegun conversion device, he was doing so knowingly and not by accident or mistake.  *See* Fed. R. Evi. 404(b)(2).  *See, e.g.*, *United States v. Cotto-Cruz*, 2025 WL 752321, at *4 (D.P.R. Mar. 10, 2025) (admitting a video of a defendant holding a semi-automatic firearm, because of "the strong and direct connection between

---

[3] The Defendant's discussion of *United States v. Williams*, 620 F.3d 483 (5th Cir. 2007) is inapposite.  *Williams* states that 404(b) evidence is not relevant to "intent" for constructive ***possession*** of a firearm.  The "knowledge" that the Government seeks to prove through its 404(b) evidence is not related to the Defendant's intentional possession of the firearm, but his knowledge of the characteristics of the firearm that made it a machinegun.

having handled a semi-automatic pistol and having knowledge of a pistol's alterations or modifications to make it a machinegun").

### B.    Evidence of Firearms on the Defendant's Phones is Not Unduly Prejudicial

The probative value of the photographs of firearms on the Defendant's phone is not substantially outweighed by unfair prejudice of the evidence. *Kinchen*, 729 F.3d at 473.

***First***, the Government needs this extrinsic evidence to show the Defendant had knowledge that the firearm he possessed was a machinegun. By its very nature, knowledge must generally be inferred by this type of circumstantial evidence in machinegun cases. *See Staples v. United States,* 511 U.S. 600, 616 n. 11 ("knowledge [of the characteristics of a machinegun] can be inferred from circumstantial evidence") (1994); *see also United States v. Nickl,* 427 F.3d 1286, 1300 (10th Cir. 2005) ("More often than not, intent is proved by circumstantial evidence."). Therefore, courts have permitted extrinsic evidence of a defendant's prior knowledge or handling of firearms to prove a defendant's specific knowledge that the charged firearm was a machinegun. *See United States v. Addison*, 2025 WL 417794, at *2 (W.D. Pa. Feb. 6, 2025) (admitting a rap video to show Defendant's "knowledge of the Glock Switch and that it is fully automatic"); *Cotto-Cruz*, 2025 WL 752321, at *4.

***Second***, the differences between the extrinsic evidence the Government seeks to enter (*i.e.*, lawful possession of firearms) and the charged conduct (*i.e.*, unlawful possession of a machinegun) ensure that the extrinsic evidence is not unduly prejudicial. Here, the Government will not assert that the Defendant's prior possession or presence around these firearms is unlawful. Instead, the evidence will be used solely assert that he is intimately familiar with firearms, and therefore has knowledge of modified and unmodified firearms. *See Beechum*, 582 F.2d at 915 ("In measuring the probative value of the evidence, the judge should consider the overall similarity of the extrinsic

14

and charged offenses."); *see also United States v. Cockrell*, 587 F.3d 674, 679 (5th Cir. 2009) (holding that although "the more closely the extrinsic offense resembles the charged offense, the greater the prejudice to the defendant, it simply does not follow that such similarity requires exclusion of the evidence") (citation omitted).  Put another way, the photographs of firearms on the Defendant's phone *is not* relevant to any element of the offenses charged in this case.

**Third**, the Court may issue limiting instructions to the jury to avoid any undue prejudice. *Beechum*, 582 F.2d at 917; Fed. R. Evid. 403, Notes of Advisory Committee on Proposed Rules ("In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction.").  Here, the Court can direct the jury to only consider any prejudicial pictures to go to whether the defendant had knowledge about the operability of firearms.

## V.    CONCLUSION

In light of the foregoing, the Government respectfully requests the Court permit evidence from the defendant's phones to establish his knowledge that the firearm he possessed prior to and after the shooting was a machinegun, that his possession of the machinegun was not an "accident" or a "mistake."

Date: March 17, 2026                      Respectfully submitted,

                                          JOHN G.E. MARCK
                                          Acting United States Attorney

                                          /s/ Anh-Khoa T. Tran
                                          Anh-Khoa T. Tran
                                          Assistant United States Attorney
                                          1000 Louisiana Street, Suite 2300
                                          Houston, Texas 77002
                                          Tel: (713) 567-9551
                                          anh-khoa.tran@usdoj.gov

                                          Charles Hagerman
                                          Assistant United States Attorney
                                          1000 Louisiana Street, Suite 2300
                                          Houston, TX 77002
                                          Tel: (713) 567-9514
                                          charles.hagerman@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 17, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

                                          /s/ Anh-Khoa T. Tran
                                          Anh-Khoa T. Tran
                                          Assistant United States Attorney
                                          1000 Louisiana Street, Suite 2300
                                          Houston, Texas 77002
                                          Tel: (713) 567-9551
                                          anh-khoa.tran@usdoj.gov

16