**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| **v.** | ) | **Case no. 4:25-cr-00336** |
| | ) | |
| **Tyler John Jordan** | ) | |

### Motion for Clarification of the Court's Ruling on the Admissibility of Photographs of Mr. Jordan Holding Firearms

Mr. Jordan, through Counsel, seeks clarification of the Court's ruling concerning the admissibility of photographs of Mr. Jordan holding firearms. Counsel for Mr. Jordan was under the impression that the Court excluded the photographs, subject to Mr. Jordan opening the door by suggesting that he was unfamiliar with firearms.

Counsel for the Government is under the impression that the Court ruled that the photographs are admissible to prove Mr. Jordan's knowledge. Accordingly, Counsel for Mr. Jordan seeks clarification of this issue in advance of trial.

### Background

Mr. Jordan is charged with knowing possession of a machinegun. Once Mr. Jordan learned that the Government intended to introduce a photographs of him holding firearms, he filed a motion to exclude. ECF No. 39 (filed March 12, 2026). The Government filed a response in opposition. ECF No. 45 (filed March 17, 2026).

1

The Court heard arguments on the issue at the pretrial conference, held March 19, 2026.

Counsel for Mr. Jordan has the following notes and recollection concerning the colloquy between the Court and the parties on the issue of the photographs:

- COURT: Do the photographs depict the gun at issue?

- Counsel for Defendant: No. And there is no evidence that they were machineguns.

- Government: Our burden is to prove that he knew it was a machine gun. Familiarity with other firearms proves he knew he possessed a machinegun.

- Counsel for Defendant: *Beechum* requires the Government to prove that the firearms depicted in the photographs were machineguns to be admissible under 404(b).

- COURT: Do you intend to take the position that this defendant is unfamiliar with firearms?

- Counsel for Defendant: Absolutely not.

- COURT: Those exhibits are not evidence and will not be admitted at this time. If I hear any whiff of the defendant suggesting that he was unfamiliar with machineguns, the Court will reconsider.

- Counsel for Defendant: Can the government make mention of the photographs during opening statements?

- COURT: Until I have a better understanding of what we're talking about I would refrain from saying that are going to see photos of the guns.

- Government: Is the Defendant objecting to admission of all photographs of guns or just the ones with the "murder masks."

- Counsel for the Defendant: We are objecting to admission of the photos depicting "the murder masks" as well as all other photographs of firearms that are not machineguns.

Following the pretrial conference, the Government noticed its intent to introduce more photographs of Mr. Jordan holding firearms recovered from his phone.

Counsel for Mr. Jordan conferred with the Government concerning their understanding of the Court's decision, and Counsel for the Government advised that the Government understood that the Court intended to allow the introduction of the photographs to prove the defendant's knowledge that he was in possession of a machinegun on March 16, 2025.

Counsel for Mr. Jordan believes the photographs are inadmissible under Rules 404(b) and 403 and that introduction of them will irreparably impair his right to a fair trial. Accordingly, to preserve Mr. Jordan's trial rights and to ensure clarity for the record, Counsel for Mr. Jordan is seeking a clarified pretrial ruling on the admissibility of the Government's exhibits.

3

## Argument

**I.   All photographs of Mr. Jordan holding non-machinegun firearms are inadmissible under *Beechum* to prove knowledge.**

Under Rule 404(b), photographs of Mr. Jordan holding non-machinegun firearms are inadmissible to prove knowledge.  Mr. Jordan is on trial for knowingly possessing a machinegun—a firearm capable of discharging automatically more than one shot, without manual reloading, by a single function of the trigger.  The Government must prove that Mr. Jordan not only possessed a machinegun, but that he knew the firearm was a machinegun at the time he possessed it.

In pursuit of its quest to prove that Mr. Jordan knew the firearm he possessed on March 16, 2025, was a machinegun, the Government seeks to introduce various photographs of Mr. Jordan holding other firearms.  There is no evidence that any of these other firearms were machineguns.  The Government's position is that Mr. Jordan's familiarity with non-machineguns proves his ability to identify a machinegun.  *See* ECF No. 45.  The Government's position is irreconcilable with the unambiguous holding in *United States v. Beechum*. 582 F.2d 898, 912 n.15 (5th Cir. 1978) (en banc).

In *Beechum*, the Fifth Circuit held that extrinsic evidence is admissible to prove knowledge if it is "of such a nature that its commission involved ***the same knowledge*** required for the offense charged." *Id.* (emphasis added). The Court explained that "the relevancy of the extrinsic offense derives from the defendant's

indulging himself in the *same state of mind* in the perpetration of both the extrinsic and charged offenses." *Id.* at 911 (emphasis added). Because—by the Government's own admission—the instances of prior firearm possession *does not* involve the "same state of mind" or "the same knowledge required for the offense" of machinegun possession, evidence of Mr. Jordan's prior firearm possession is inadmissible under 404(b).

The Government's argument—that Mr. Jordan's prior acts of possessing semi-automatic firearms is probative of his knowledge of automatic firearms—ignores *Beechum*'s unambiguous holding to the contrary. *Compare* ECF No. 45 at 1, *with Beechum*, 582 F.2d at 911, 912 n.15.

## II. The photographs of Mr. Jordan are inflammatory and substantially outweigh the probative value of proving that Mr. Jordan previously possessed firearms.

As stated in his initial pleading, ECF No. 39 at 5, the pictures speak for themselves. They depict Mr. Jordan or his associates pointing apparent assault rifles at a camera while donning serial killer masks. The pictures are likely *designed* to evoke a fear-inducing reaction by their very nature. Other photographs depict Mr. Jordan flashing hand signs that will easily be interpreted as implying a gang affiliation. Other photographs depict large and unusual firearms that many jurors will be unfamiliar with. These photographs are guaranteed to "inflame the jury's passion." *United States v. Zabaneh*, 837 F.2d 1249, 1265 (5th Cir. 1988). Many

5

jurors will likely speculate that the large, aggressive, and unusual firearms *may be machineguns* themselves.  But as the Government concedes, there is no evidence that these firearms were machineguns.

As Mr. Jordan previously explained, this case already involves facts that will cause visceral and disdainful attitudes against Mr. Jordan. The uncontroverted facts will show that he was directly involved in a senseless altercation-turned-shooting in a McDonald's on a Sunday afternoon. Although Mr. Jordan didn't shoot anyone, admission of these photographs will lead the jury to believe that he is the kind of person that might. ECF No. 39 at 6.

These photographs send an unmistakable message: Mr. Jordan is dangerous, and he ought to be kept off the streets.

Because the photographs are inadmissible 404(b) evidence and because the danger of unfair prejudice substantially outweighs any probative value, the photographs of Mr. Jordan previously possessing firearms ought to be excluded.

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas No. 566458
New Jersey State Bar No. 2320341

By /s/ Ryan Rones
RYAN RONES
Assistant Federal Public Defender

6

North Carolina State Bar ID No. 53592
Southern District of Texas No. 3900503
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas   77002
Telephone:   713.718.4600

## CERTIFICATE OF SERVICE

I certify that on March 20, 2026, a copy of the foregoing was served by Notification of Electronic Filing and was delivered by email to the office of Assistant United States Attorney Anh-Khoa Tran.