**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**TYLER JOHN JORDAN,**<br>**Defendant.** | **Case No. 4:25-cr-336** |

**GOVERNMENT'S OJBECTIONS TO DEFENDANT'S INTERVIEW EXHIBITS**

The Defendant seeks to admit statements that he gave during interviews with law enforcement throughout the investigation (*see* Defendant Exhibits DX3a, DX3b, DX3c, DX3d parts 1-4, DX3e, and DX3f). Statements made by a party offered ***against*** a party are categorically not hearsay. *See* Fed. R. Evid. 801(d)(2)(A) ("A statement that meets the following conditions is not hearsay: … "The statement is offered against an opposing party and … was made by the party."). However, no rules or exceptions apply to the out-of-court statements the Defendant made because he is the one offering it for himself. The Defendant attempts to skirt Rule 802's prohibition on hearsay by arguing Rule 106 (Rule of Completeness) and Rule 803(3) (the state-of-mind exception to hearsay). They both fail for the reasons discussed below.

I.     **Rule of Completeness Does not Permit Defendant to Admit Entire Portions of an Interview**

The Government did not seek to introduce every statement the Defendant has made. If the Defendant wishes to put the factual claims underlying those statements before the jury, he certainly can do so by testifying. However, he cannot avoid cross-examination by simply introducing his prior statements. To the extent the Defendant may seek to offer his own out-of-court statements, those statements remain inadmissible hearsay pursuant to Rule 801(d)(2), which excludes from the definition of hearsay only the statements of a party that are offered *against* that

1

party.  *See* Fed. R. Evid. 801(d)(2); *see, e.g.*, *United States v. Branch*, 91 F.3d 699, 729 (5th Cir. 1996).

This is true even if the Defendant's self-serving statements in the excluded portions are less incriminatory or even would exculpate the Defendant were the jury to believe them.  *See Williamson v. United States*, 512 U.S. 594, 599 (1994) (non-self-inculpatory statements are inadmissible, even if they are made within a broader narrative that is generally self-inculpatory); *United States v. Crinel*, No. 15-61, 2016 WL 6551249, at *2 (E.D. La. Nov. 1, 2016) (stating that courts have "made clear that out-of-court exculpatory statements made by the defendant are inadmissible even if the exculpatory statement is made in tandem with a statement that is admissible under one of the hearsay exceptions").

Federal Rule of Evidence 106, referred to as the "Rule of Completeness" does not change this conclusion.  Rule 106 states that "if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106.  Yet, Rule 106 only allows the Defendant "to correct an incomplete and misleading impression created by the introduction of part of a writing or recorded statement." *United States v. Herman*, 997 F.3d 251, 264 (5th Cir. 2021).  As such, "Rule 106 only allows the admission of portions that are 'relevant and necessary to qualify, explain, or place into context the portion already introduced.'" *United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996)); *see also Williamson v. United States,* 512 U.S. 594, 599 (1994) ("[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts [which are hearsay]".

Although Rule 106 refers broadly to "fairness," the Fifth Circuit has cautioned that this

"does not permit a party to introduce writings or recorded statements to affirmatively advance their own, alternative theory of the case." *Herman*, 997 F.3d at 264.  Nor does "fairness" allow the Defendant to admit the exculpatory, self-serving statements he made during an interview just because the government is admitting his other, more incriminating statements made during the same interview.  As the Fifth Circuit succinctly explained: "We do not doubt the exculpatory nature of the excluded statement, but that does not require its admission under Rule 106." *Branch*, 91 F.3d at 728.  As such, if the Defendant attempts to admit a portion of his interview with police, he should be strictly required to show why his proposed excerpt is both 'relevant and necessary to qualify, explain, or place into context the portion already introduced' by the Government.  *Id*.

Here, the Defendant does not identify any part of the Government's exhibits that is allegedly missing context, what additional context is needed, and what additional portions of the interviews would provide this missing context.  Instead, the Defendant cherry picks his own portions to admit, sometimes seeking to introduce an entire interview (e.g., DX3a) and other times picking smaller segments to play (e.g., Exhibit DX3d parts 1-4).  This is clearly not permitted by Rule 106.

II.    **There Are No <u>Statements</u> in the Interviews That Go to The Defendant's "Then Statement-of-Mind"**

The Defendant further attempts an end-run Rule 802 by arguing the interviews are not being offered for the truth of the matter asserted, but to show the declarant's then-existing state of mind or emotional, sensory, or physical condition.  *See* Rule 803(3).

The requirement here is for the Defendant to show specific ***statements*** that go to his statement of mind. *See, e.g.*, *United States v. Hernandez*, 842 F.2d 82, 87 (5th Cir. 1988) (rejecting defendant's assertion that "tape-recorded conversation between himself and [co-defendant] … was

3

to show his state of mind" when "the tape in question does not contain any *statement* indicating that Hernandez' state of mind…") (emphasis added).  The Defendant's assertion that entire interviews should come in to show the defendant's "then-state-of-mind" under the coercive nature of law enforcement interviews is wholly unsupported by law.  Allowing such exception would swallow the rule, permitting every law enforcement interview to come in on mere allegations that the interviews are coercive and impact the interviewee's state of mind.  Such a ruling would eviscerate Rule 802.

Date:  March 25, 2026

> JOHN G.E. MARCK
> Acting United States Attorney
> Southern District of Texas
>
> By    */s/ Anh-Khoa T. Tran*
> Anh-Khoa T. Tran
> Assistant United States Attorney
> 1000 Louisiana Street, Suite 2300
> Houston, Texas 77002
> Telephone: (713) 567-9551
> Email: anh-khoa.tran@usdoj.gov
>
> Charles Hagerman
> Assistant United States Attorney
> 1000 Louisiana Street, Suite 2300
> Houston, TX 77002
> Tel: (713) 567-9514
> Email: charles.hagerman@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on March 25, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

> */s/ Anh-Khoa T. Tran*
> Anh-Khoa T. Tran

4

Assistant United States Attorney